FILED
United States Court of Appeals
Tenth Circuit

April 1, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

CHRISTOPHER PRIMERO,

        Plaintiff - Appellant,

v.

JAMES JANECKA; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

        Defendants - Appellees.

No. 09-2299
(D.C. No. 1:09-CV-00113-JB-GBW)
(D. N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **ANDERSON, TYMKOVICH**, Circuit Judges.

---

Christopher Primero, a New Mexico state prisoner proceeding pro se, seeks

a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254

application for habeas relief. *See id.* § 2253(c) (requiring COA to appeal denial

of application). Because Mr. Primero has failed to make a substantial showing of

the denial of a constitutional right, as required by 28 U.S.C. 2253(c)(2), we deny

his request for a COA and dismiss the appeal.

**I.**     **BACKGROUND**

Mr. Primero pleaded no contest in New Mexico state court to ten counts of

attempted criminal sexual penetration in the first degree (child under 13). *See*

N.M. Stat. Ann § 30-9-11(C)(1) (2001). On February 2, 2007, he was sentenced to 54 years' imprisonment. He filed a petition for a writ of habeas corpus in New Mexico state district court on July 10, 2008. The court dismissed the petition and the New Mexico Supreme Court denied his petition for a writ of certiorari on November 20, 2008.

On February 5, 2009, Mr. Primero filed his § 2254 application in the United States District Court for the District of New Mexico, asserting (1) that the state trial court erred in not quashing the indictment because it was based on hearsay; (2) his due-process rights were violated by prosecutorial misconduct because the prosecutor misled the investigator into corroborating unknown or unestablished statements; (3) his due-process rights were violated because insufficient evidence was presented to the grand jury; (4) his due-process rights were violated by prosecutorial suppression of exculpatory evidence and other prosecutorial and judicial failures to make material evidence and witnesses available; (5) his Sixth and Fourteenth Amendment rights were violated by ineffective assistance of counsel because counsel did not investigate, develop a defense strategy, interview potential witnesses, or obtain an expert witness; (6) his Sixth and Fourteenth Amendment rights were violated by ineffective assistance of counsel because counsel misled and threatened him during the plea process and failed to inform him of the terms and conditions of his plea agreement; (7) he was denied due process because the trial court did not allow

him to withdraw his plea, despite the ineffectiveness of his counsel; (8) the trial court violated his due-process right to a full and fair hearing on state habeas review; and (9) newly discovered evidence (an investigative report by New Mexico Child Protective Services and testimony in a separate proceeding by his defense counsel) shows that the charges against him were unsubstantiated and that his trial counsel was ineffective.

The district court rejected Mr. Primero's § 2254 application as time-barred. Because Mr. Primero did not appeal his February 2, 2007, judgment of conviction, the one-year limitation period of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *see* 28 U.S.C. § 2244(d)(1)(A), began to run when his time for appeal had expired on March 5, 2007, *see* N.M. Stat. Ann. § 39-3-3(A)(1) (1978) (time for appeal is 30 days from entry of judgment). His application in federal court thus was filed well after the March 5, 2008 deadline. And his state-court habeas proceeding did not toll the limitations period under § 2244(d)(2) because that proceeding did not commence until July 10, 2008, which was 127 days after expiration of the AEDPA limitations period.

The district court rejected Mr. Primero's arguments that his application was timely. First, the court held that the limitations period was not tolled under § 2244(d)(2) by Mr. Primero's state-court motions for records and free process, both filed on May 21, 2007. It determined that (1) neither motion was an application for postconviction or other collateral review of his conviction; and (2)

even if they did toll the period, they did not toll enough days to help Mr. Primero. Second, the district court held that Mr. Primero had not established his entitlement to equitable tolling; among other things, Mr. Primero had not shown due diligence or actual innocence. Third, the district court held that Mr. Primero could not benefit from the AEDPA provision that delays the start of the one-year limitations period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). It ruled that the evidence allegedly discovered on June 30, 2008, did not relate to most of his claims (all but some of his ineffective-assistance claims) and he had failed to establish his due diligence in obtaining the evidence.

Finally, the district court held that even if Mr. Primero's ineffectiveness claims were not time-barred, they failed on the merits.

In requesting a COA, Mr. Primero asserts the same arguments before this court as he did before the district court.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

-4-

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

We have examined the opinion of the district court. No reasonable jurist could debate whether Mr. Primero's application under § 2254 should have been resolved in a different manner or that the issues he presented were adequate to deserve encouragement to proceed further. *See id.*

## III. CONCLUSION

We DENY the application for a COA and dismiss the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge